UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ATEFA SAMADI,

Plaintiff,

v.

AMAZON SMF3,

Defendant.

Case No.  2:25-cv-3257-DC-JDP (PS)

ORDER

Plaintiff, proceeding pro se, filed this action in state court against her former employer, Amazon SMF3, for harms arising from workplace injuries.  Defendant now moves to dismiss all claims.  For the reasons discussed below, the motion will be granted, and the complaint will be dismissed with leave to amend.

**Background**

The following factual allegations are taken from plaintiff's complaint and, for purposes of the present motion, are assumed to be true.  Plaintiff suffered work-related physical injuries on October 27, 2021, and December 8, 2021.[1]  ECF No. 1-2 at 9.  Plaintiff used disability and/or medical leave following her injuries.  *Id*.  At some point during her leave, plaintiff was no longer

---

[1] Plaintiff does not describe her physical injuries in the complaint.  Plaintiff has submitted a written medical examination that states she "developed right should pain" on October 27, 2021, and "developed left elbow and wrist pain" on December 8, 2021.  *See* ECF No. 38 at 12-13.

1

able to request additional leave through defendant's online platform. *Id*. Plaintiff requested "disability and medical leave accommodations." *Id*. Instead of accommodating her, defendant terminated plaintiff's employment on August 11, 2022. *Id*.

Plaintiff filed suit in Alameda County Superior Court, bringing claims for intentional tort, negligence, and premises liability. *Id*. at 5-6, 8. Defendant removed the case to the Northern District of California, and it was thereafter transferred to this district. ECF Nos. 1 & 18. Defendant now moves to dismiss all claims. ECF No. 25.

## Legal Standard

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In assessing the sufficiency of the pleadings, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "While legal conclusions can

2

provide the complaint's framework, they must be supported by factual allegations." *Id.* at 664. Those facts must be sufficient to push the claims "across the line from conceivable to plausible." *Id.* at 683. Ultimately, the allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). However, a liberal interpretation of a complaint "may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

**Analysis**

The complaint, as pled, fails to conform with Rule 8. Rule 8(a) requires that a pleading contain:

> (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

The court may dismiss a complaint for failure to comply with the provisions of Rule 8. *Gillibeau v City of Richmond*, 417 F 2d 426, 431 (9th Cir. 1969); *Kittay Kornstein,* 230 F 3d 531, 542 (2nd Cir. 2000). Such dismissals may be based on the length, content, and organization of the complaint. *See Connell v Signoracci*, 153 F 3d 74, 82 (2d Cir. 1998) ("The 89-page pleading is an *omnium gatherum*, obsessively repetitious, overwrought in tone, and organized like a front hall closet.").

The policy behind Rule 8's pleading requirement is to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v Tarrant County Narcotics Intelligence and Coord Unit*, 507 US 163, 168 (1993) (citations and quotations omitted); *see also Salahuddin v Cuomo,* 861 F 2d 40, 42 (2d Cir. 1988) ("The statement should be short because unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a

mass of verbiage.").

Here, the complaint fails to identify plaintiff's legal claims and instead provides several pages of narrative allegations regarding her workplace injuries, medical treatment, and defendant's responses. *See* ECF No. 1-2 at 5-11. Additionally, though not brought as independent causes of action, plaintiff repeats the following legal terms throughout her complaint: "wrongful termination," "lack of accommodations," "retaliation," "discrimination," and "harassment." *See id*. Plaintiff has not complied with the "short and plain statement" requirement of Rule 8(a), because of the length and unnecessary detail of the factual section of the complaint, as well as the confusion regarding under which legal theories she is proceeding. *See Iqbal*, 556 U.S. at 678. The court will, therefore, exercise its discretion and grant without prejudice defendant's motion to dismiss.

Since plaintiff is proceeding pro se, the court will provide "some notice of [the complaint's] deficiencies" to guide amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Plaintiff's complaint must set forth a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted). Plaintiff is cautioned that any amended complaint must specifically identify actions by individual defendants who personally and substantially participated in depriving her of her constitutional rights. *Johnson v. Duff*, 588 F.2d 740, 743 (9th Cir. 1978). Each count must include sufficient facts to support that count, and those facts should be alleged under each cause of action. Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Any amended complaint must be complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. An amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[The] amended complaint supersedes the original, the latter being treated thereafter as non-existent.") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

1967)).

Moreover, as defendant argues, it appears that plaintiff's identified causes of action—intentional tort, negligence, and premises liability—are all time-barred.[2]  *See* ECF No. 25 at 10-11.  In the complaint, plaintiff alleges that the events underlying each claim occurred on or before August 11, 2022.  *See* ECF No. 1-2 at 5-6, 8.  Plaintiff's claims for negligence, premises liability, and personal injury must have been brought no later than August 11, 2024.  *See* Cal. Civ. Proc. Code § 335.1.  However, plaintiff did not file her complaint in state court until July 14, 2025.  *See* ECF No. 1-2 at 1.  Accordingly, these claims appear to be time-barred.  Because plaintiff is afforded leave to amend, she may replead these claims so long as she presents equitable grounds for tolling or excusing the limitations period.

Accordingly, it is hereby ORDERED that:

1.  Defendant's motion to dismiss, ECF No. 25, is GRANTED.

2.  Plaintiff's complaint, ECF No. 1-2, is DISMISSED with leave to amend.

3.  Plaintiff must file an amended complaint within twenty-one days.  Failure to do so will result in dismissal of this action.

IT IS SO ORDERED.

Dated:    July 9, 2026                              _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

---

[2] As defendant points out, "California law does not recognize a freestanding cause of action for 'intentional tort.'"  *See* ECF No. 25 at 11 (citing *Willard v. Caterpillar, Inc.*, 40 Cal. App. 4th 892, 915 (1995)).  While plaintiff does not identify a particular tort, it appears that this claim is premised on personal injuries.  *See* ECF No. 1-2 at 5.

5