UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATEFA SAMADI,<br>Plaintiff,<br>v.<br>AMAZON SMF3,<br>Defendant. | Case No. 2:25-cv-3257-DC-JDP (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, proceeding pro se, initiated this action in state court against her former employer, Amazon SMF3, for harms arising from workplace injuries. Finding that plaintiff failed to satisfy Federal Rule of Civil Procedure 8, the court previously dismissed the complaint with leave to amend. Defendant now moves to dismiss the first amended complaint on the same basis. For the reasons discussed below, I recommend that defendant's motion be granted and that the case be dismissed without leave to amend.

**Background**

The following factual allegations are taken from the first amended complaint ("FAC") and, for purposes of the present motion, are assumed to be true. Plaintiff suffered work-related physical injuries on October 27, 2021, and December 8, 2021, which affected her shoulder. ECF No. 41 at 7. Plaintiff used disability and/or medical leave following her injuries. *Id.* At an unspecified time during her leave, plaintiff ceased being paid. *Id.* at 9. Plaintiff requested

disability and medical leave accommodations. *Id*. at 3. Instead of accommodating her, defendant terminated plaintiff's employment on August 11, 2022. *Id*. at 2.

**Procedural History**

In July 2025, plaintiff filed suit in Alameda County Superior Court, bringing claims for "intentional tort," negligence, and premises liability. ECF No. 1-2 at 5-6, 8. Defendant removed the case to the Northern District of California, and it was thereafter transferred to this district. ECF Nos. 1 & 18.

In December 2025, defendant filed a motion to dismiss the complaint under Rule 8. ECF No. 25. In July 2026, the court granted defendant's motion and afforded plaintiff leave to amend. ECF No. 40.

Plaintiff filed the FAC on July 27, 2026. ECF No. 41. Ten days thereafter, defendant filed a motion to dismiss. ECF No. 42. Plaintiff has filed an opposition, ECF No. 43, and defendant has filed a reply, ECF No. 44.

**Legal Standard**

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In assessing the sufficiency of the pleadings, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S.

308, 322 (2007). The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Id.* at 664. Those facts must be sufficient to push the claims "across the line from conceivable to plausible." *Id.* at 683. Ultimately, the allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). However, a liberal interpretation of a complaint "may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

**Analysis**

The FAC, like its predecessor, fails to conform with Rule 8. Rule 8(a) requires that a pleading contain:

> (1) a short and plain statement of the grounds upon which the court'' jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

The court may dismiss a complaint for failure to comply with the provisions of Rule 8. *Gillibeau v City of Richmond*, 417 F 2d 426, 431 (9th Cir. 1969); *Kittay Kornstein*, 230 F 3d 531, 542 (2d Cir. 2000). Such dismissals may be based on the length, content, and organization of the complaint. *See Connell v Signoracci*, 153 F 3d 74, 82 (2d Cir. 1998) ("The 89-page pleading is an *omnium gatherum*, obsessively repetitious, overwrought in tone, and organized like a front hall closet.").

The policy behind Rule 8's pleading requirement is to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant Cnty. Narcotics Intelligence and Coord. Unit*, 507 U.S. 163, 168 (1993) (citations and quotations omitted); *see also Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) ("The statement should be short because unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.").

Here, the FAC fails to provide a short and plain statement putting defendant on notice of its alleged wrongdoing. While the original complaint set forth three causes of action, plaintiff now presents seventeen claims.[1] It is difficult to read the FAC, in part because plaintiff has made handwritten notes throughout. Plaintiff does not provide a standalone statement of facts. Instead, she has organized the FAC by devoting approximately one page to each of the seventeen claims.

None of the claims satisfies Rule 8. For example, the first claim is for failure to accommodate, and plaintiff summarily alleges that defendant failed to provide her accommodations; the factual allegations are insufficient to put defendant on notice of its alleged wrongdoing. *See* ECF No. 41 at 2. In other causes of action, plaintiff has combined multiple claims. For instance, in the second cause of action, plaintiff alleges "wrongful termination," "disability discrimination," and "retaliation." *See id.* at 3. These are three distinct causes of action, and plaintiff does not adequately plead any of them to put defendant on notice.

Plaintiff also repeats claims throughout the FAC. For example, while plaintiff's first cause of action is for failure to accommodate, that also forms the basis for her fifth, seventh, and twelfth causes of action. *See id.* at 8, 10, 12. Similarly, plaintiff's second and tenth causes of action each allege "wrongful termination," "disability discrimination," and "retaliation." *See id.*

---

[1] Defendant argues that at least some of the newly pleaded claims should be dismissed for violating the court's order. ECF No. 42 at 15-16. In affording plaintiff leave to amend, the court instructed her to "not change the nature of this suit by alleging new, unrelated claims." ECF No. 40 at 4. As defendant points out, it appears that plaintiff has violated this order. While the complaint focused on disability discrimination and plaintiff's termination after her injury, the FAC pleads claims regarding religious accommodations, wage reduction, discrimination independent of disability, and whistleblower retaliation. *See* ECF No. 42 at 15-16.

at 3, 13.

Plaintiff has not complied with the "short and plain statement" requirement of Rule 8(a). *See Iqbal*, 556 U.S. at 678. Plaintiff has already been afforded an opportunity to amend with notice of this pleading deficiency. Because she has failed to correct that deficiency, dismissal with prejudice is appropriate. *See Destfino v. Reiswig*, 630 F.3d 952, 959 (9th Cir. 2011) ("The district court's decision to dismiss the second amended complaint with prejudice was appropriate in light of [the] plaintiffs' repeated failure to cure the deficiencies in their pleadings.") (cleaned up).

Moreover, as defendant argues and the court stated previously, it appears that many of plaintiff's claims are barred. *See* ECF No. 40 at 5; ECF No. 42 at 17-19. First, some of plaintiff's claims are time-barred. In the FAC, plaintiff alleges that the events underlying each claim occurred on or before August 11, 2022. *See generally* ECF No. 41. Plaintiff's tort claims for constructive discharge, wrongful termination, and intentional infliction of emotional distress must have been brought within two years, or August 11, 2024. *See* Cal. Civ. Proc. Code § 335.1; *Wassmann v. S. Orange Cnty. Cmty. Coll. Dist.*, 24 Cal. App. 5th 825, 854 (2018). However, plaintiff did not file her complaint in state court until July 14, 2025. *See* ECF No. 1-2 at 1. Plaintiff has put forth no argument that her claims should be tolled.

Second, some of plaintiff's federal claims are barred by her failure to exhaust administrative remedies. Plaintiff pleads several claims under the Americans with Disabilities Act and Title VII of the Civil Rights Act of 1964. ECF No. 41 at 8, 10, 12-13, 15, 17. To bring a claim under either authority, plaintiff was required to file a charge with the U.S. Equal Employment Opportunity Commission ("EEOC") within 300 days of "the alleged unlawful employment practice." *See* 42 U.S.C. §§ 2000e-5(e)(1), 12117(a); *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002). Because all alleged acts occurred no later than August 11, 2022, plaintiff was required to file an EEOC charge no later than June 7, 2023. However, there is no evidence that plaintiff has filed an EEOC charge, and her time to do so has long run.[2]

---

[2] Defendant presented this argument in its motion. *See* ECF No. 42 at 19-20. Plaintiff did not address the issue in her opposition. *See generally* ECF No. 43.

Thus, while I recommend that the FAC be dismissed for failure to comply with Rule 8, it also bears consideration that many of plaintiff's claims are barred and that amendment would not remedy this issue.

Accordingly, it is hereby RECOMMENDED that:

1. Defendant's motion to dismiss, ECF No. 42, be GRANTED.
2. Plaintiff's first amended complaint, ECF No. 41, be DISMISSED without leave to amend.
3. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: November 12, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE